■ STEPHEN CATANZARO, Appellant, v CITY OF NEWBURGH, Respondent, et al., Defendant. [740 NYS2d 647] —In an action, inter alia, for a judgment declaring that the plaintiff is entitled to redeem the subject premises from a tax foreclosure, the plaintiff appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated February 5, 2001, which, among other things, denied his motion for a preliminary injunction and granted the cross motion of the defendant City of Newburgh for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the plaintiff is not entitled to redeem the subject premises from a tax foreclosure proceeding; and it is further,

Ordered that the respondent is awarded one bill of costs.

The City of Newburgh made a prima facie showing of entitlement to judgment as a matter of law by establishing that it provided notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" (*Mullane v Central Hanover Bank & Trust Co.,* 339 US 306, 314). Contrary to the plaintiff's contention, the City was not required to undertake extraordinary efforts to discover his new address beyond examining its records in the form of the tax assessment rolls and recorded deeds (*see Matter of ISCA Enters. v City of New York,* 77 NY2d 688, 701, *cert denied* 503 US 906). It was the plaintiff's responsibility to see that the municipal records were updated (*see Matter of ISCA Enters. v City of New York, supra*).

As the plaintiff failed to demonstrate the existence of a triable issue of fact, the City was entitled to summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557).

The plaintiff's remaining contentions are without merit.

Since this was an action, inter alia, for a declaratory judgment, we remit the matter to the Supreme Court for the entry of a judgment declaring that the plaintiff is not entitled to redeem the subject premises from a tax foreclosure proceeding (*see Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901). Santucci, J.P., Friedmann, H. Miller and Schmidt, JJ., concur.